TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JUN NAM (Cal. Bar No. 335290)
Assistant United States Attorney
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2435
        E-mail:    jun.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00851-CV |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #1 TO PRECLUDE SELF-DEFENSE |
| v. | |
| JESSICA TRAPP, | Hearing Date: April 3, 2026 Hearing Time: 10:30 a.m. Location:    Courtroom of the |
| Defendant. | Hon. Cynthia Valenzuela |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jun Nam, hereby files its motion in limine to preclude defendant from raising a self-defense theory at trial.

Government counsel emailed defense counsel about the subject of this motion in limine, and defense counsel has indicated that she will oppose the motion.

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 6, 2026                Respectfully submitted,

                                    TODD BLANCHE
                                    Deputy Attorney General

                                    BILAL A. ESSAYLI
                                    First Assistant United States
                                    Attorney

                                    ALEXANDER B. SCHWAB
                                    Assistant United States Attorney
                                    Acting Chief, Criminal Division


                                    _____/s/_____
                                    JUN NAM
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

After yelling "fuck you" to a Federal Protective Services (FPS) officer who was trying to maintain order against a crowd in the Edward Roybal Federal Building, Defendant Jessica Trapp kicked the officer in the left shin, right underneath his knee.  As a result of the kick, the officer suffered an abrasion and swelling, leading him to seek medical care.

Defendant is now charged with violating 18 U.S.C. § 111(a)(1), (b), assault on a federal officer resulting in bodily injury.  Based on statements made by the defendant after her arrest, the government anticipates that defendant may raise an affirmative defense of self-defense (or defense of others) to the § 111(a)(1) charge at trial.

To date, the government has not received an offer of proof as to how defendant can establish a prima face case of self-defense, or in the alternative, self-defense against excessive force, both of which are defined in the Model Ninth Circuit Jury Instructions, 8.3 Assault on Federal Officer or Employee — Defenses.  Regardless, defendant cannot do so based on the facts described below. Because defendant is unable to establish a prima facie case that the elements of self-defense (or defense of others) against a federal officer are met, the Court should preclude her from raising that affirmative defense at trial, including during opening statements.

## II.    STATEMENT OF FACTS

Defendant was among a group of individuals in the Edward Roybal Federal Building to attend a detention hearing.  Defendant brought her service dog.  Because the courtroom was full, defendant remained outside the courtroom.

After the magistrate judge granted the government's request to detain the individual, the crowd observing the detention hearing quickly became upset.  Several attendees started yelling and engaging in disorderly conduct, including defendant, and FPS officers ultimately detained another individual on the scene for a separate, unrelated matter.  The crowd, including defendant, continued to yell at the FPS officers even while court proceedings were ongoing in nearby courtrooms.  Because of the crowd's disorderly conduct, the FPS officers decided to move the detainee and escort the crowd to the first floor of the Roybal building.

That did not end the matter.  The crowd continued to pursue the FPS officers on the first floor.  The defendant, who had a cell phone in her left hand and was recording the FPS officers, was part of the crowd pursuing the officers.  Several FPS officers, including Inspector J.B., then decided to form a protective wall to allow the arresting officers to escort the detainee without interference.  Defendant was undeterred.  She continued to move forward to pursue the arresting officers, despite Inspector J.B. trying to stand in front of her.  Defendant pressed forward into Inspector J.B.  Inspector J.B. used his arm as a shield to create space between Defendant and the arresting officers.  Inspector J.B. then turned his head and attention to the other protestors.  After a few seconds, defendant yelled "fuck you" and kicked Inspector J.B. in the shin.  The kick is clearly captured on surveillance footage.

**III.  ARGUMENT**

> **A.    Defendant Cannot Establish a Prima Facie Case for Self-Defense**

Defendant must put forth "evidence upon which the jury could rationally sustain the defense." United States v. Houston, 648 F.3d 806, 816 (9th Cir. 2011) (upholding preclusion of affirmative defense of duress based on insufficient proffer).  "If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial." United States v. Cramer, 532 F. App'x 789, 791 (9th Cir. 2013) (upholding order excluding self-defense theory at trial when defense proffer was insufficient to meet elements as matter of law); see also United States v. Biggs, 441 F.3d 1069, 1071(9th Cir. 2006) (discussing requirement that defendant proffer elements of self-defense before trial).

The elements for self-defense set forth in the Model Ninth Circuit Jury Instructions, 8.3 Assault on Federal Officer or Employee—Defenses are: (1) the defendant did not know that the victim was a federal officer or employee; (2) the defendant reasonably believed that use of force was necessary to defend oneself against an immediate use of unlawful force; and (3) the defendant used no more force than appeared reasonably necessary in the circumstances. See Ninth Circuit Model Criminal Jury Instructions, No. 8.3 (2022 ed.) (emphasis added).  All three elements must be satisfied to assert self-defense.  Defendant falls short on all.

First, defendant cannot establish that she did not know Inspector J.B. was a federal officer.  Defendant was on federal property (Roybal), and Inspector J.B. was one of many FPS officers at

the scene, all in roughly the same fully marked uniform.  Moreover, in a post-<u>Miranda</u> interview, defendant stated that the officers on the scene were from Department of Homeland Security.  That alone is fatal to her assertion of self-defense.

Second, defendant cannot claim that she reasonably believed force was necessary to "defend" herself from an immediate use of unlawful force.  Inspector J.B. did not use unlawful force, nor did he attack defendant or threaten her with immediate physical harm.  As explained above, Defendant was frustrated that Inspector J.B. and other FPS officers had formed a protective barrier that prevented her from pursuing and recording up close the arresting officers and detained individual. Inspector J.B. was standing right in front of defendant, and he blocked defendant's advances.  After Inspector J.B. turned his head and attention to the other protestors, defendant yelled "fuck you" and kicked Inspector J.B. in the shin.  Defendant cannot reasonably argue that she thought she needed to defend herself against Inspector J.B., who posed no threat of harm (imminent or otherwise) to defendant.  <u>See also United States v. Acosta-Sierra</u>, 690 F.3d at 1126 (an objective standard, rather than a subjective one, applies to the requirement that there be a reasonable belief that self-defense was necessary).

Third, defendant cannot show that she used no more force than what was reasonably necessary under the circumstances.  Inspector J.B. was merely forming a protective wall to ensure that the arresting FPS officers and the detainee were safe.  No amount of force was reasonably necessary under the circumstances, yet defendant intentionally and knowingly assaulted Inspector J.B.

4

**B.    Defendant Cannot Establish Prima Facie Evidence of Self-Defense from Excessive Force**

Defendant fares no better in arguing self-defense from excessive force.  An individual may make out an affirmative defense of self—defense against a federal law enforcement official who uses <u>excessive</u> force in a "narrow range of circumstances." <u>Acosta-Sierra</u>, 690 F.3d at 1126.  Only in those "narrow circumstances," a defendant need not establish that he was ignorant the victim was a federal officer or employee. <u>See</u> <u>United States v. Ornelas</u>, 906 F.3d 1138, 1148 (9th Cir. 2018).  Still, defendant must offer evidence to show "(1) a reasonable belief that the use of force was necessary to defend himself against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." <u>Acosta-Sierra</u>, 690 F.3d at 1126 (cleaned up); <u>United States v. Urena</u>,659 F.3d 903, 907 (9th Cir. 2011).

Defendant cannot proffer prima facie evidence of either of these two prongs.  To start, defendant cannot show that Inspector J.B. was using "unlawful" force.  He was forming a protective wall against a group of individuals chasing down FPS officers, who in turn were escorting a detainee on the scene.  The group of individuals were shouting at the officers, following them in order to record them.  Nothing in Inspector J.B.'s actions was unlawful.  Moreover, and as explained above, defendant cannot claim that she used "no more force than was reasonably necessary in the circumstances."  The kick was neither reasonable nor necessary.

**IV.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion.

5