CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JESSICA ELIZABETH TRAPP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>JESSICA ELIZABETH TRAPP,<br><br>                    Defendant. | Case No. 2:25-cr-00851-CV<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* #1 TO PRECLUDE SELF-DEFENSE**<br><br>**Hearing Date:  April 3, 2026**<br>**Hearing Time:  10:30 a.m.**<br>**Hon. Cynthia Valenzuela** |

Defendant Jessica Elizabeth Trapp, by and through her attorney of record Deputy Federal Public Defender Gabriela Rivera, hereby opposes the government's motion *in limine* to preclude self-defense.

This motion is based on the attached memorandum of points and authorities, the attached exhibits, all files and records in this case, and any argument presented at any shearing on this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  March 13, 2026          By  */s/ Gabriela Rivera*

GABRIELA RIVERA
Deputy Federal Public Defender
Attorneys for JESSICA ELIZABETH TRAPP

2

## MEMORANDUM OF POINTS AND AUTHORITY

## I.  INTRODUCTION

"The prima facie burden [to raise a theory of self-defense] is not a high one." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (finding that a defendant is entitled to this instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility."). The standard is an intentionally minimal burden on the defense, and for good reason. A criminal defendant is entitled to an instruction on any theory of defense that a jury could "rationally" sustain. *See United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011).

Perhaps more importantly, the defense is under no obligation to proffer to the government any evidence of any defense theory in advance of trial.  Indeed, the present motion appears nothing more than a fishing expedition intended to unconstitutionally force the defense's hand.  In fact, the government has filed this same boilerplate (and pre-mature) motion in virtually every assault case stemming from the immigration raids that has proceeded to trial.  *See United States v. Ramos-Brito*, 2:25-CR-00501-SVW, ECF No. 84 (Sept. 9, 2025); *United States v. Alexandria Augustine*, 2:25-CR-00678-KS, ECF No. 37 (Oct. 1, 2025); *United States v. Isaias Lopez*, 2:25-CR-00705-MEMF, ECF No. 30 (Oct. 27, 2025); *United States v. Katherine Carreno*, 2:25-CR-00772-MWF, ECF No. 34 (Oct. 28, 2025).

None have been granted.  *Augustine*, 2:25-CR-00678-KS, ECF No. 55, at p. 3 (Oct. 6, 2025) (denying government pre-trial motion to exclude self-defense); *Lopez*, 2:25-CR-00705-MEMF, ECF No. 71, at pp. 5–6 (Nov. 6, 2025) (same); *Carreno*, 2:25-CR-00772-MWF, ECF No. 43 (Nov. 3, 2025) (same).

There is good reason courts in this District have repeatedly rejected the arguments again made by the government in this case.  Putting aside the premature nature of the government's motion, the standard required to make out a *prima facie* case is undemanding.  It is for the jury to resolve factual disputes between the parties; it

is not the government's role to force its view of the case on both the defense and the jury by asking the Court to categorically exclude a defense so long as there is *any* support for said defense.

The Court should deny the government's motion.  To the extent the Court desires further information about the defense(s) that will be presented at trial, the defense will readily file an *in camera* trial memorandum.

## II.  ARGUMENT

### A.    The Standard for Receiving a Self-Defense Instruction is Particularly Undemanding, and for Good Reason.

"[A] defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in her favor." *Mathews v. United States,* 485 U.S. 58, 63 (1988); *United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (2012) ("Factfinding is usually a function of the jury, and the trial court rarely rules on a defense as a matter of law." (internal citation omitted)). "The legal standard is generous [because] a defendant is entitled to an instruction concerning her theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility. A defendant needs to show only that there is evidence upon which the jury could rationally sustain the defense." *United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011) (quoting *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007)). "If there are factual disputes in the record, the court is not permitted to weigh the evidence, make credibility determinations, or resolve conflicts in the proof. If the parties argue competing inferences, the court must draw all reasonable inferences in favor of the defendant's [defense] theory." *United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) (internal quotation marks omitted) (emphasis added); *United States v. Butler*, 2025 WL 621892, at *9 (N.D. Cal. Feb. 26, 2025) ("In making this determination about the adequacy of the *prima facie* case [for self-defense], the evidence is 'construed in the

light most favorable' to the defendant." (quoting *United States v. Ehmer*, 87 F.4th 1073, 1130 (9th Cir. 2023))).

"[F]or purposes of Section 111, . . . [an] individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012); *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992) ("[T]he model instruction [8.3] would be inappropriate in a case where a defendant's theory of the case is self-defense against the use of *excessive* force by a federal law enforcement officer."). To offer an excessive force self-defense, a defendant need only offer some—even weak, inconsistent, or insufficient—evidence to show: "(1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *Acosta-Sierra*, 690 F.3d at 1126 (internal quotation omitted); *United States v. Burleson*, No. 17-10319, 2023 WL 5275176, at *4 (9th Cir. Aug. 16, 2023) (repeating the standard); *Span*, 970 F.2d 580 (noting that an individual has a right to offer reasonable resistance to arrest that is triggered by the officer's bad faith or provocative conduct). These are the same elements applicable in a "general self-defense instruction." *United States v. Ornelas*, 906 F.3d 1138, 1146-48 (9th Cir. 2018).

The defendant does ***not*** need to demonstrate that the force was excessive as a matter of law. Unlike in the civil context, whether the force was unlawful is judged from the perspective of the defendant, ***not*** from the perspective of an officer. *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) ("[T]he instruction given to the jury on the defense of another improperly required the jury to consider the use of force from a reasonable officer's perspective, rather than from Celentano's perspective.")

In short, the burden that must be met to receive a self-defense instruction at the close of evidence is a minimal one.  The task for a criminal defendant is not to prove

self-defense as a matter of law. *See United States v. Perez-Rodriguez*, 13 F.4th 1, 19 (1st Cir. 2021) ("If the parties argue competing inferences, the court must draw all reasonable inferences in favor of the defendant's [defense] theory." (emphasis added); *Kuok*, 671 F.3d at 947 ("[A court] must accept [the defendant's] proffer as true in its entirety."); *Butler*, 2025 WL 621892, at *9 (holding a defendant met her low burden to establish a prima facie case for self-defense and explaining that, for a "*prima facie* case [of self-defense], the evidence is 'construed in the light most favorable' to the defendant" (quoting *Ehmer*, 87 F.4th at 1130))).

Indeed, the defendant has a right for the jury to be instructed on any and all non-frivolous defenses. *See, e.g.*, *Houston*, 648 F.3d at 816. Accordingly, a *prima facie* case simply means a basis on which a jury could "rationally" sustain the defense. *See id.* Nothing more is required.

## B.    A Criminal Defendant is Required to Make an Offer of Proof to the Prosecution.

Ms. Trapp is not required to make any offers of proof to the government as opposed to the Court. *See United States v. Biggs*, 441 F.3d 1069, 1071 (9th Cir. 2006); *see also United States v. Gurolla*, 333 F.3d 944, 953 (9th Cir. 2003) ("On appeal, as in the district court, the government has the right to argue for exclusion of the entrapment defense but, as in the district court, the only evidence it will ordinarily be able to refer to is evidence that it may have filed in support of its own motion to exclude and whatever other unsealed evidence may already be before the court.").

Indeed, other than those few defenses that are required to be noticed under the Federal Rules of Criminal Procedure (which self-defense is not), Ms. Trapp is not required to reveal *any* aspect of her defense to the government, and courts have long considered offers of proof made *in camera*. *See, e.g., Gurolla*, 333 F.3d at 953 (reviewing offer of proof on entrapment defense); *United States v. Peltier*, 693 F.2d 96, 97-98 (9th Cir. 1982) (per curiam) (reviewing offer of proof made *in camera* by defendant's counsel below); *United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (reviewing oral

4

and written offers of proof made *in camera* below).  The present motion—both premature and baseless—appears to be a thinly veiled attempt to have the defense make an offer of proof to the government when both the law and the Constitution protect a criminal defendant's right to preserve the confidentiality of her trial strategy.  *See, e.g.*, *United States v. Eshkol*, 108 F.3d 1025, 1028 (9th Cir. 1997) (approving of *in camera* memoranda to prevent disclosure of defense theory); Central District Local Rule 17-4 (providing for confidentiality of defense subpoenas, including precluding the United States Marshals Service from disclosing the existence or service of such subpoenas except as authorized by the Court).

The Court should not entertain the government's efforts to gain an upper hand by requiring the disclosure of information regarding the defense trial strategy and facts that might support the defense theory.

**C.    The Government's Motion is Predicated on a Snapshot of the Events from that Day.**

The government's argument hinges on a single video of the alleged assault. What the government omits is that it failed to preserve all the other video evidence of the interaction between Ms. Trapp and Federal Protective Services officers from that day, which spanned at least several minutes before the alleged assault.[1]

To the extent the Court desires an *in camera* memorandum setting out the theories of defense and the evidence the defense expects to be adduced at trial, the defense will readily file one.

---

[1] For this reason, the defense is considering requesting a spoliation instruction.

5

### III. CONCLUSION

The Court should deny the Government's motion *in limine* and refuse to exclude a theory of self-defense at trial, especially at this juncture.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  March 13, 2026          By  */s/ Gabriela Rivera*

GABRIELA RIVERA
Deputy Federal Public Defender
Attorneys for JESSICA ELIZABETH TRAPP