CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JESSICA ELIZABETH TRAPP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00851-CV |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO "MOTION TO PRECLUDE IMPROPER EVIDENCE AND ARGUMENT SEEKING JURY NULLIFICATION"** |
| v. | |
| JESSICA ELIZABETH TRAPP, | |
| Defendant. | |

Defendant Jessica Elizabeth Trapp, by and through her attorney of record Deputy Federal Public Defender Gabriela Rivera, hereby files this opposition to the government's "Motion to Preclude Improper Evidence and Argument Seeking Jury Nullification."

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 13, 2026      By  */s/ Gabriela Rivera*

GABRIELA RIVERA
Deputy Federal Public Defender
Attorneys for JESSICA ELIZABETH TRAPP

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. ARGUMENT**

**A.    The Defense Has No Intention of Arguing for Jury Nullification**

The government's wide-sweeping motion seeks to preclude not only jury nullification, but also any testimony, evidence, or argument related the First Amendment or immigration law. The defense has already made clear to government counsel that it will not argue for jury nullification and that it would be unnecessary to present this motion to the Court.[1] The defense understands the rules of evidence and has no intention of arguing that the jury should decide the case on an improper basis.

**B.    Ms. Trapp Must Be Permitted to Introduce Factual Information and Context Regarding Her Presence and Actions at the Roybal Federal Courthouse**

The defense opposes the government's motion to the extent it seeks to prevent the defense from eliciting or presenting testimony, evidence, or argument related to the First Amendment or immigration law. This is because testimony related to the First Amendment and immigration law may be necessary to present a complete narrative. As the government's own motion concedes, Ms. Trapp was exercising her First Amendment right of access to judicial proceedings at the Roybal Federal Courthouse when she attended a detention hearing for a woman charged with doxxing an immigration enforcement officer.[2]  Accordingly, the defense disagrees that any testimony or evidence related to immigration law or the First Amendment would

---

[1] The defense met and conferred with government counsel regarding whether the defense should file a motion to preclude argument that shifts the burden to the defense, invokes a societal problem, or vouches for a government witness. Government counsel indicated that he has no intention of making such argument. Accordingly, the defense is not presenting such a motion to the Court.

[2] The government's motion incorrectly states that Ashleigh Brown was convicted of doxxing. In fact, Ashleigh Brown and her two co-defendants were recently acquitted of doxxing an ICE officer. *See United States v. Ashleigh Brown*, et al., 2:25-CR-00780-SVW-2, Dkt. 178 (jury's returned verdict form, finding Ashleigh Brown, Cynthia Raygoza, and Sandra Carmona Samame all not guilty of Count One, which charged the defendants with doxxing an ICE officer.)

necessarily be relevant only to a nullification defense. In *Old Chief v. United States*, 519 U.S. 172, 188 (1997), the Court emphasized that in evaluating the evidence that a party proffers in presenting a case, a trial judge must recognize a "party's need for evidentiary richness and narrative integrity," because "if [jurors'] expectations are not satisfied, triers of fact may penalize the party who disappoints them by drawing a negative inference against that party." Although *Old Chief* involved evidence that the prosecution sought to introduce in a criminal trial, it is equally applicable to the defense, because only by allowing a defendant to put forth a full and complete defense and completely and fully tell her story, can "jurors' expectations be satisfied" to avoid a jury unjustly "penalizing" a defendant by "drawing negative inferences" against that defendant because of a lack of narrative integrity. (*Id.*)

Should the defense introduce evidence of the topics listed in the motion *in limine* at trial, it will be because they are relevant to Ms. Trapp's defense and/or impeaching a witness.[3] Rather than asking the Court to prejudge the probative value and prejudicial impact of as-yet unseen evidence, the defense respectfully requests that the Court defer any rulings on specific evidence until trial.

//

//

//

---

[3] Ms. Trapp has a Fifth Amendment right not to disclose her defense or potential witnesses prior to trial. Absent an intention to raise one of the defenses enumerated in Rules 12.1, 12.2, or 12.3, the defense has no obligation to offer a "plausible defense" to the government at this point in the case.

**C.    Ms. Trapp Has a Constitutional Right to Challenge a Necessary Element of the Charge Against Her**

To prevail against Ms. Trapp at trial, the government must show, among other things, that she acted with the intent to assault the Federal Protective Services officer. This element may be particularly difficult to prove in this case given that the alleged injury has routinely been described, even by the government, as an "abrasion" (Dkt. 1 at ¶ 7) and is difficult to make out with the naked eye.



The Ninth Circuit model jury instructions explain that "There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." Ninth Circuit Model Criminal Jury Instructions, No. 8.2 (2022 ed.) [Assault on Federal Officer or Employee (18 U.S.C. § 111(b)]. Common to all of these means of proving the mens rea element is that a defendant must have *intentionally* struck or *intentionally* threatened to strike an officer. Accordingly, to the extent that Ms. Trapp engaged in

4

expressive conduct which was intended to convey a message and not to strike another or cause immediate fear of harmful contact, the *mens rea* for assault is absent.

The legal authority cited by the government does nothing to change this. For example, *United States v. Mongol Nation*, 56 F.4th 1244, 1246 (9th Cir. 2023) stands for the uncontroversial and uncontested reality that questions of law, including constitutional issues, are reviewed de novo by appellate courts. Nor does *United States v. Fuller*, No. CR 23-209 (CKK), 2024 WL 4880497, at *2 (D.D.C. Nov. 25, 2024), change the calculus here. In *Fuller*, where the defendants were *not* charged with assault, the Government alleged that in the process of storming the Capitol, the defendants forcefully pushed against a police line and impeded officers while encouraging others to do so. Critically, neither defendant opposed the government motion or sought to argue that they engaged in protected, expressive conduct. Thus, the court characterized any First Amendment argument as "entirely independent of the ultimate issue of whether [Defendants] actually committed the crimes." Here, by contrast, the "ultimate issue of whether [Ms. Trapp] committed the crime" involves an inquiry into several elements, including whether her alleged conduct—moving her leg *toward* the officer—was accompanied by the requisite mental state.

The government's argument that Ms. Trapp has somehow waived her ability to argue that she never had the intent to kick or harm or frighten anyone ignores the fact that a criminal defendant need not raise a facial challenge to the statute of offense but may nonetheless seek to negate one of the elements—here, mens rea—at trial. The authority cited by the government does nothing to change that.

A defendant has the right to argue a theory of defense supported by evidence at trial and any reasonable inferences therefrom. *United States v. Miguel*, 338 F.3d 995, 1003 (9th Cir. 2003). This is especially true at closing argument, where the defense is given wide latitude in its "presenting a theory of the case." *United States v. Ibarra*, No. 23-1282, 2024 WL 2746747, at *1 (9th Cir. May 29, 2024) (citing *United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013)); *Conde v. Henry*, 198 F.3d 734,

739 (9th Cir.1999) ("denying an accused the right to make final arguments on his theory of the defense denies him the right to assistance of counsel"). Specifically, limitations on closing argument that leave counsel "unable to frame and give content to the core of his defense" are improper and require reversal. *United States v. Kellington*, 217 F.3d 1084, 1101 (9th Cir. 2000).

The defense is entitled to argue to the jury that Ms. Trapp had a non-nefarious purpose for being at the Roybal Federal Courthouse and a non-criminal and protected intent underlying any alleged kick towards the Federal Protective Services officer.

## II. CONCLUSION

For all of the above reasons, the Court should deny the government's "Motion to Preclude Improper Evidence and Argument Seeking Jury Nullification."

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  March 13, 2026          By  */s/ Gabriela Rivera*

GABRIELA RIVERA
Deputy Federal Public Defender
Attorneys for JESSICA ELIZABETH TRAPP

6