CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JAMES S. THREATT (Bar No. 325317)
(E-Mail: Jimmy_Threatt@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
JESSICA ELIZABETH TRAPP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>JESSICA ELIZABETH TRAPP,<br><br>      Defendant. | Case No. 25-CR-00851-CV<br><br>**DEFENDANT JESSICA TRAPP'S POSITION REGARDING ADMISSIBILITY OF LOCAL RULE PROHIBITING  RECORDING IN COURTHOUSES** |

Defendant Jessica Trapp, through counsel, hereby submits her position on the admissibility of evidence that recording is prohibited in public areas of courthouses pursuant to the Central District's Local Rules.  This filing is based on the attached memorandum of points and authorities, all files and records in this action, and any further evidence that may be presented to the Court.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  April 20, 2026        By  _/s/ James S. Threatt_

GABRIELA RIVERA
JAMES S. THREATT
Deputy Federal Public Defenders
Attorney for JESSICA ELIZABETH TRAPP

## I. INTRODUCTION

At the final pre-trial conference on April 17, the government stated its intention, for the first time, to introduce evidence—presumably through the testimony of Jerry Barraza, the Complaining Witness—that recording is prohibited in public areas of courthouses under the Central District's Local Rules. This evidence should be excluded.

*First*, it is unnoticed Rule 404(b) evidence. In its first discovery request in this case, defense counsel requested notice of any Rule 404(b) evidence, even if, in the government's view, it was "inextricably intertwined" with the charged conduct. As outlined in the discovery request, "reasonable" notice in this context requires notice sufficiently in advance of trial so the defense may file a motion with the Court under the schedule set out in the Court's Standing Order. Raising this issue the Friday before trial falls well short of reasonable notice.

*Second*, the evidence is not relevant. There is no evidence anywhere in the materials produced by the government that Ms. Trapp (or anyone else) was notified that they could not record in the public areas of the Roybal Federal Courthouse. This body of materials includes audio and video recordings of the incident; reports of investigation; memoranda detailing interviews with the complaining witness and other FPS officers who were percipient witnesses; and the audio recording and transcript of Ms. Trapp's nearly hour-long post-arrest statement. The Complaining Witness has now had seven opportunities to say that the prohibition on recording impacted his conduct on the day in question. He has not done so. Not a single recording or document even references that recording was prohibited, let alone that Ms. Trapp was informed of the prohibition.

The government's theory of relevance articulated at the FPTC was that it goes to the complaining witness's state of mind. The government's theory appears to assume that Ms. Trapp will pursue self-defense at trial. The case law is clear, however, that in a case of self-defense, only the defendant's state of mind and perception of the use of

force is relevant.  The complaining witness's knowledge that recording is prohibited is irrelevant, especially because he never even asked Ms. Trapp to stop recording.

*Third,* and finally, to the extent the Court believes this evidence has some relevance, it clearly runs afoul of Rule 403.  The purpose of this evidence appears to be an effort to justify the Complaining Witness's conduct towards Ms. Trapp.  Particularly given the minimal, if any, relevance, the risk of unfair prejudice substantially outweighs any probative value this evidence might have.

## II. ARGUMENT

**A.    The Fact that Ms. Trapp Potentially Made Recordings in Violation of Central District Local Rule 83-6.4 is Unnoticed Rule 404(b) Evidence.**

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  The Ninth Circuit has "repeatedly emphasized that extrinsic act evidence is not looked upon with favor," due to "the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013–14 (9th Cir. 1995) (internal quotation marks and citations omitted).

In its very first request for discovery, dated February 4, 2026, the defense asked specifically for notice of any 404(b) evidence—including evidence the government contended was inextricably intertwined—sufficiently in advance of trial so the defense could file a motion with the Court.  Specifically, the defense stated:

> I am requesting notice of any evidence of other crimes, wrongs, or acts that the government intends to introduce at trial, pursuant to Federal Rules of Evidence 404(b) and 609. "Reasonable notice" means no later than a time that would allow the defense to file motions in this case by the motion deadline. See Fed. R. Crim. P. 12(b)(4)(B); Local Rule 6-1 ("[t]he notice of motion shall be filed with the Clerk not later than twenty-eight days before the date set for hearing"). Thus, "reasonable notice" would necessarily be 28 days before the pretrial conference, or the date the Court has set for the hearing of motions, plus whatever period of time would be needed to draft the motion. Therefore, please specify the theory of introduction of such evidence so that the defense may evaluate the filing of a motion in limine. This includes notice of any

evidence the government claims is "inextricably intertwined" that could be interpreted as Rule 404(b) evidence.

(Exh. A ¶ 7.)

The government still has not provided formal written notice of any intent to introduce any evidence under Rule 404(b) despite the defense request being sent over five months ago.  The government had well over one month to provide notice of its intent to introduce this evidence while still allowing the defense time to file a motion with the Court.  Later but more reasonable disclosure still would have allowed the defense to seek Court relief via an *ex parte* application.  Instead, the government waited until the April 17 Final Pre-Trial Conference, and even then only in response to comments from the Court regarding the First Amendment.  Four days is far too close to trial to constitute reasonable notice under the Federal Rules of Evidence and in response to defense counsel's initial discovery request.  The defense was unaware that the government intended to elicit this information at trial because, as discussed below, it is apparent that neither Ms. Trapp nor any of the other protestors were reprimanded or even informed that they could not record in public areas of the Roybal Federal Courthouse.

**B.      The Evidence is Otherwise Inadmissible.**

Even were the Court to find that this evidence does not violate Rule 404(b), it would still be inadmissible because it is not relevant and certainly runs afoul of Rule 403.

**1.      The Evidence is Not Relevant Because Ms. Trapp was Never Informed that Recording was Prohibited.**

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  The evidence proffered by the government fails this admittedly undemanding test.

4

The theory of relevance the government seemed to articulate at the FPTC is that it goes to the complaining witness's state of mind.  But that does not make the evidence relevant.  The government's theory seems to assume that Ms. Trapp will pursue a self-defense claim at trial.  Assuming, for the sake of argument, that is the case, it does not make this evidence relevant.  To the contrary, it is well-established that in the context of a self-defense claim in a criminal trial (as opposed to an excessive force claim in the civil context), whether the force was unlawful is judged solely from the perspective of the defendant, not from the perspective of an officer.  *United States v. Celentano*, 126 F.4th 680, 687 (D.C. Cir. 2025) ("[T]he instruction given to the jury on the defense of another improperly required the jury to consider the use of force from a reasonable officer's perspective, rather than from [the defendant's] perspective.").

Therefore, particularly in the absence of evidence that Ms. Trapp was aware of the prohibition on recording, the evidence is completely irrelevant.  In defense counsel's review of the discovery produced to date, they cannot identify a single reference to the prohibition on recording in public areas of courthouses.  There is no mention of such a prohibition in any of the video recordings produced by government, despite the fact that numerous people are seen recording throughout said videos.  There is not a single reference to the prohibition in any of the reports of investigation produced by the government.  There is not a single reference in the statement drafted by the complaining witness. (Exh. B.)  There is not a single refence in the memoranda of witness interviews prepared by the case agents.  (Exh. C.)  He has now been interviewed six times and not once mentioned this prohibition.  (Exhs. **B–C.**)

The complete failure to even reference the prohibition in any of these materials confirms the obvious: it played no role in the events of September 25, 2025, and certainly Ms. Trapp was never informed that she could not record in public areas of the courthouse.

**2.      The Evidence Runs Afoul of Rule 403.**

Even if this Court finds that this evidence is relevant, it should be excluded under Rule 403 because the minimal probative value of such evidence is substantially outweighed by a danger of unfair prejudice.  *See Huddleston v. United States*, 485 U.S. 681, 691 (1988) (Rule 403, among others, provides necessary protection against unfairly prejudicial evidence which might otherwise be admitted under Rule 404(b)); *Mayans*, 17 F.3d at 1183 ("This circuit has specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry."); *see also United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010) ("[E]vidence may still be excluded if under a Federal Rule of Evidence 403 analysis its probative value is substantially outweighed by the danger of unfair prejudice.") (quoting *United States v. Bibo-Rodriguez,* 922 F.2d 1398, 1400–01 (9th Cir. 1991)).

Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "'Unfair prejudice'. . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief*, 519 U.S. at 180 (internal citation omitted).

Here, the risk of unfair prejudice is obvious.  This evidence runs the risk of the jury convicting Ms. Trapp because she was arguably doing something that was prohibited if she was in fact recording on her cellphone in public areas of the Roybal Federal Courthouse.  And, should Ms. Trapp pursue self-defense, it further runs the risk of confusing the jury or otherwise allowing jurors to justify treatment by the Complaining Witness that they would otherwise deem excessive force or unlawful force, even though there is no evidence he ever told Ms. Trapp that she could not record or that he asked her to stop recording.  Given that the reasonableness of force is judged solely from Ms. Trapp's perspective, this evidence simply has no place at trial.

## III. CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court exclude all evidence regarding the prohibition on recording in public areas of the Roybal Federal Courthouse.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  April 20, 2026          By  */s/ James S. Threatt*

GABRIELA RIVERA
JAMES S. THREATT
Deputy Federal Public Defenders
Attorney for JESSICA ELIZABETH TRAPP

7