TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JUN NAM (Cal. Bar No. 335290)
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     E-mail:    jun.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00851-CV |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED SUPPLEMENT TO INSTRUCTION NO. 29 RE. OFFICIAL DUTIES AND EXCESSIVE USE OF FORCE |
| v. | |
| JESSICA TRAPP, | Trial Date: April 21, 2026 Trial Time: 9:00 a.m. |
| Defendant. | Location:   Courtroom of the Hon. Cynthia Valenzuela |

     Plaintiff United States of America, by and through its counsel

of record, the First Assistant United States Attorney for the

Central District of California and Assistant United States Attorneys

//

//

1

Jun Nam and Frances S. Lewis, hereby submit a supplement to Proposed Jury Instruction No. 29 regarding the use of force in defining "official duties."

Dated: April 23, 2026          Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


_____/s/_____
JUN NAM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION

The government requests to add the bolded language to Proposed Jury Instruction No. 29:

The test for determining whether the officer is engaged in the performance of official duties is whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own. The question is not whether the officer is abiding by laws and regulations in effect at the time of the incident or whether the officer is performing a function covered by his job description. **Although law enforcement is allowed to use force during the exercise of their official duties,** the excessive use of force in the pursuit of official duty is not considered a good faith performance of official duties.

Source: United States v. Celentano, 126 F.4th 680, 687 (D.C. Cir. 2025) (finding that the self-defense instruction to an 8 U.S.C. § 111 claim "should have informed the jury that . . . [t]he law authorizes law enforcement officers to use force in performing their duties as long as the force is not 'excessive.'")