TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JUN NAM (Cal. Bar No. 335290)
FRANCES S. LEWIS (Cal. Bar No. 291055)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2435
     E-mail:    jun.nam@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00851-CV |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED SUPPLEMENT TO INSTRUCTION NO. 28 RE. BODILY INJURY |
| v. | |
| JESSICA TRAPP, | Trial Date: April 21, 2026 |
| Defendant. | Trial Time: 9:00 a.m. |
| | Location:   Courtroom of the Hon. Cynthia Valenzuela |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys

//

//

1

Jun Nam and Frances S. Lewis, hereby submit a supplement to Proposed Jury Instruction No. 28 to define the term, "bodily injury."

As stated in Court, defendant objects to any definition being given for the term.

Dated: April 23, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


       /s/
JUN NAM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION</u>

The government requests to add the following language to define "bodily injury" in Jury Instruction No. 28:

> The term "bodily injury" means a cut, abrasion, bruise, burn, disfigurement, physical pain, illness, impairment of the function of a bodily member or mental faculty, or any other injury to the body, no matter how temporary.

Source: <u>See</u> Eleventh Circuit Pattern Criminal Jury Instruction O1.2 [18 U.S.C. § 111(b)] (2020 ed.) (defining bodily injury); <u>United States v. Bailey</u>, 405 F.3d 102, 111 (1st Cir. 2005) (same); <u>United States v. Myers</u>, 972 F.2d 1566, 1572 (11th Cir. 1992) (same); <u>United States v. DeSantis</u>, 565 F.3d 354, 362 (7th Cir. 2009); <u>Seventh Circuit Criminal Jury Instructions</u> (2023 ed.) [18 U.S.C. § 242 Bodily Injury].

The following are cases from the Central District of California that have also used this language (or similar) to define "bodily injury" in Ninth Circuit Model Instruction No. 8.2 for assault on a federal officer resulting in bodily injury:

- <u>United States v. Hipolito</u>, 2:25-cr-00596-SVW, Dkt. 68, Instruction No. 11;

- <u>United States v. Reyes</u>, 2:23-cr-00176-SVW, Dkt. 91, Instruction No. 14;

- <u>United States v. Slater</u>, 5:24-cr-00048-DSF, Dkt. 122, Instruction No. 15;

- <u>United States v. Mirabal</u>, 5:18-cr-00335-MWF, Dkt. 173, Instruction No. 14;

- <u>United States v. Lottie</u>, 2:20-cr-115-MWF, Dkt. 213, Instruction No. 11.

The other recent § 111 cases that proceeded to trial do not appear to have had an allegation of bodily injury.  See, e.g., United States v. Caravello, 2:25-CR-686-CV; United States v. Augustine, 2:25-cr-00678-KS; United States v. Lopez, 2:25-cr-705-MEMF; United States v. Gomez Dzul, 2:25-cr-503-BFM; United States v. Carreno, 2:25-cr-00772-MWF; United States v. Ramos Brito, 2:25-cr-501-SVW.

Additionally, a similar instruction has been given in recent § 242 prosecutions.  See, e.g., United States v. Kirk, 2:24-cr-527-SVW, Dkt. 53, Instruction No. 11.